## North Chicago Street Railroad Company v. Ernest Broms.

1. EXCESSIVE DAMAGES—*When $3,500 Is Not.*—Upon the facts contained in the statement of the case, a majority of the court are unwilling to reverse the judgment on the ground of excessive damages.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

This is an action by the appellee to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the appellant.

It appears from the record that appellee was standing on the rear platform of one of appellant's cars. While the car was passing through the tunnel under the Chicago river the train, in consequence of a collision with the one ahead, slid backward down the grade and collided with another at the bottom of the tunnel. Appellee says that when he noticed that the car was slipping down the grade, he caught hold of the dashboard to sustain himself. In the resulting collision the dashboard to which the plaintiff was holding was jammed against another car in such a way that the tin underneath came up against the iron rail and cut off the tip of his thumb. At the trial the jury returned a verdict for appellee in the sum of $3,500, and, judgment having been entered thereon, the defendant appeals.

It appeared in evidence that plaintiff, prior to this accident, although he had a defective leg, was strong and healthy. He says he always enjoyed perfect health, slept

well, and never had any pain in his leg before the accident. He was confined to the house for four months after the accident, and lost six months from business during the first year (1892); he does not know exactly how much time he lost the next year, but he said he was lying home some days in pain, and that the year prior to the trial he lost about twenty-five days. At the time of the trial, three and one-half years after the accident, he testified that he does not sleep well, is weak, and has to stay at home because of the pain in his leg, back and chest. Plaintiff is a tailor by trade, and is not able to earn the same wages on account of the loss of his thumb. Before the accident he did fine tailoring, but now he can only do common basting. The thumb is disfigured and flattened out, and is sore on the side.

A physician who was acquainted with plaintiff for sixteen years prior to the accident, says that he enjoyed perfect health up to that time. Another physician testified that he examined plaintiff before the trial and found a curvature of the spine, which will remain as long as he lives, and that the disturbance of his nervous system will remain more or less so.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

SAMUEL B. FOSTER and SAMUEL W. JACKSON, attorneys for appellee, contended that the duty of care and of abstaining from injuring another is due to the weak, sick and infirm equally with the healthy and strong; and, when that duty is violated, the measure of damages is the injury inflicted, even though that injury might have been aggravated or might not have happened at all, but for the peculiar physical condition of the person injured. Lapleine v. Morgan's L. & T. R. & S. S. Co., 4 So. Rep. 875.

Where personal injuries result proximately from negligence or other tort, the wrong-doer is liable for the damages actually sustained, although they are increased by a tendency to disease on the part of the person injured. McNamara v. Village of Clintonville, 62 Wis. 207.

The amount of the verdict is peculiarly within the province of the jury and in this case it is only a fair and reasonable compensation for the injuries sustained. Where pain and suffering are elements of damage for personal injuries, no fixed rules for their admeasurement can be laid down, and consequently the law has left the assessment to the sound judgment of the jury. Chicago, R. I. & P. Ry. Co. v. Barrett, 16 Ill. App. 17; St. Louis & C. Ry. Co. v. Frazier, 26 Ill. App. 437.

Mr. Justice Waterman delivered the opinion of the Court.

The only question in this case is whether the damages awarded are excessive. A majority of the court being unwilling to reverse this judgment for this cause, it is affirmed.